# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **CHRISTIAN M COOPER,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **2:18-cv-00483-KOB** |
| | ] | |
| **NISSAN MOTOR CO. LTD.,** | ] | |
| **et al.,** | ] | |
| | ] | |
| **Defendants.** | ] | |

## <u>MEMORANDUM OPINION</u>

On March 27, 2018, Defendant Nissan North America, Inc., removed this case based on the court's diversity jurisdiction under 28 U.S.C. § 1332.  (Doc. 1). NNA concedes the parties are not completely diverse because Plaintiff Christian Cooper is an Alabama citizen, as is Defendant Jim Burke Automotive, Inc.  (*Id.* at 4).  However, NNA contends that Mr. Cooper fraudulently joined Jim Burke to defeat diversity jurisdiction, so the action is still removable.  (*Id.* at 4–5). On June 1, 2018, this court ordered Mr. Cooper to show cause, in writing, on or before June 15, 2018**,** why the court should not dismiss Jim Burke as fraudulently joined. Mr. Cooper did not respond.

As explained below, the court finds that Mr. Cooper fraudulently joined Jim Burke and will DISMISS Jim Burke from this case. Because Jim Burke was the

only non-diverse defendant, and diversity jurisdiction otherwise exists in this matter, the court will retain jurisdiction over the case.

## II.     FACTUAL BACKGROUND

On February 23, 2018, Plaintiff Christian Cooper sued Defendants Nissan North America, Inc.; Nissan Motor Company, LTD; and Jim Burke Automotive, Inc. in the Circuit Court of Jefferson County, Alabama. (Doc. 2 at 3). The parties agree that Nissan North America is a foreign corporation with its principal place of business in Franklin, Tennessee; Nissan Motor Co., LTD is a foreign corporation with its principal place of business in Kanagawa, Japan; and Jim Burke is a domestic corporation with its principal place of business in Birmingham, Alabama.

Mr. Cooper's claims arise from an incident while he was driving a 2007 Nissan Maxima on the interstate. The vehicle was owned by Mr. Cooper's father, which he had purchased in new condition from Jim Burke in 2007. While Mr. Cooper was driving it, the vehicle allegedly caught fire, forcing him to leave the roadway.  Then, the vehicle rotated, rolled, and became engulfed in flames. Mr. Cooper was trapped inside the vehicle and suffered "significant and grave life-threatening burns over substantially all of his body." (*Id.* at 5–6).

## II.     LEGAL STANDARD

A defendant may remove a case from state court if the action could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). Generally, federal

courts have jurisdiction over civil cases where the amount in controversy exceeds $75,000 and complete diversity between the parties exists. *See* 28 U.S.C § 1332; *Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998) ("every plaintiff must be diverse from every defendant").

Even if complete diversity is not present, an action may still be removable if the plaintiff fraudulently joined the non-diverse parties. *See Triggs*, 154 F.3d at 1287. Joinder is fraudulent in two circumstances: 1) where no possibility exists that the plaintiff can prove a cause of action against the resident defendant; or 2) where the complaint contains outright fraud in the pleading of jurisdictional facts. *See id*.

The court determines whether a party has been fraudulently joined "based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). The removing party must demonstrate by clear and convincing evidence that a plaintiff fraudulently joined a resident defendant. *See Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1297 n.2 (11th Cir. 2007). And a removing defendant asserting fraudulent joinder must show that the plaintiff could not possibly state a claim against the resident defendant in state court. *Triggs*, 154 F.3d at 1287.

## III. DISCUSSION

Count I of Mr. Cooper's complaint alleges liability under the Alabama Extended Manufacturers Liability Doctrine, claiming Nissan North America and Nissan Motor Co. "designed , tested, manufactured, distributed, sold or otherwise placed into the stream of commerce" the vehicle, and that Jim Burke "further placed" the vehicle "into the stream of commerce." Counts II and III allege the vehicle was negligently and wantonly designed, manufactured, tested, distributed, inspected, prepared for sale, sold, and the defendants negligently and wantonly failed to warn and recall the vehicle. Count IV alleges the defendants breached express "and/or" implied warranties that the vehicle and its parts were reasonably fit for their intended purpose. (Doc. 2).

As an initial matter, the court agrees with NNA that Mr. Cooper's four counts constitute a "product liability action" as defined in Ala. Code § 6-5-521(a). The statute provides,

> [a] "product liability action" means any action brought by a natural person for personal injury, death, or property damage caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging, or labeling of a manufactured product when such action is based upon (1) negligence, . . . (3) the manufacturer's liability doctrine, (4) the Alabama extended manufacturer's liability doctrine…, (5) breach of any implied warranty, or (6) breach of any oral express warranty.

Second, Ala. Code § 6-5-521(b), known as Alabama's "Innocent Seller" statute, provides that a plaintiff may not assert a product liability action against "any distributor, wholesaler, dealer, retailer, or seller of a product" unless

1) The distributor is also the manufacturer or assembler of the final product and such act is causally related to the product's defective condition.
2) The distributor exercised substantial control over the design, testing, manufacture, packaging, or labeling of the product and such act is causally related to the product's condition.
3) The distributor altered or modified the product, and the alteration or modification was a substantial factor in causing the harm for which recovery of damages is sought.

Ala. Code § 6-5-521(b)(1)–(3). The statute further provides that its intent is "to protect distributors who are merely conduits of a product," but not to protect them "from independent acts unrelated to the product design or manufacture, such as independent acts of negligence, wantonness, warranty violations, or fraud." Ala. Code § 6-5-521(b)(4).

NNA produced an affidavit of Jennie Gibbs, Jim Burke's Corporate Secretary since 1993, to support its position. (Doc. 1-2). Ms. Gibbs testified that Jim Burke has never "had any role in the design, manufacture, testing, assembly, warnings, or distribution of any Nissan vehicle," including Mr. Cooper's. (*Id.* at 2). Ms. Gibbs also testified that NNA delivered Mr. Cooper's vehicle to Jim Burke on May 14, 2007, at which point Jim Burke inspected it to ensure it had not been damaged in transit, checked its fluid levels, and ensured its operational systems were functioning properly. Then, on June 9, 2007, Mr. Cooper's father purchased the vehicle.

Ms. Gibbs also provided that Jim Burke only had two interactions with the vehicle after Mr. Cooper's father purchased it. On April 3, 2008, Jim Burke

replaced the front bumper grille headlamp, left headlamp, hood, and left fenders. On April 10, 2008, Jim Burke cleared and reset the air bag light, added air to the vehicle's tires, and reinitialized the air bag sensors. Ms. Gibbs' affidavit states that Jim Burke never inspected, repaired, or performed maintenance on the vehicle's fuel storage and delivery system or the exhaust system that Mr. Cooper alleges was defective.

NNA's evidence tends to show that Jim Burke was "merely a conduit" of Mr. Cooper's vehicle. Jim Burke was only the distributor –not the manufacturer or assembler. NNA has also shown that Jim Burke did not exercise "substantial control over" the vehicle's "design, testing, manufacture, packaging, or labeling," nor did Jim Burke alter or modify the vehicle such that "the alteration or modification was a substantial factor in causing" Mr. Cooper's injuries. *See* Ala. Code § 6-5-221(b)(1)–(4).

Therefore, unless Jim Burke engaged in "independent acts unrelated to the product design or manufacture," Alabama's "Innocent Seller" statute precludes Mr. Cooper's claims against Jim Burke. § 6-5-221(b)(4). But Mr. Cooper has not alleged any "independent acts unrelated to the product design or manufacture." All his claims seek to hold Jim Burke liable together with the other defendants, and contain no language specifically implicating Jim Burke other than its role in further placing the vehicle into the stream of commerce.

NNA has shown that Jim Burke is a mere conduit of Mr. Cooper's vehicle, and Mr. Cooper has provided no argument or evidence to the contrary. So, this court finds that Alabama's Innocent Seller statute precludes Mr. Cooper's products liability claims against Jim Burke and no reasonable potential exists for legal liability against it. Thus, the court concludes that the Plaintiff fraudulently joined Jim Burke to this case.

The court also finds that the amount in controversy requirement in 28 U.S.C. § 1332(a) is satisfied. Although the complaint does not specify the amount the plaintiff seeks in damages, removal is proper "if it is facially apparent from the complaint that the amount in controversy exceeds" $75,000. *Pretka v. Kolter City Plaz II, Inc.*, 608 F. 3d 744, 754 (11th Cir. 2010). Mr. Cooper alleges in his complaint that he suffered "significant and grave life-threatening burns over substantially all of his body," and he seeks recovery for past and future medical expenses, permanent injuries, physical pain, and mental anguish. He also seeks punitive damages. Therefore, using its experience and common sense, the court is convinced that Mr. Cooper seeks an amount beyond $75,000. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010).

Having found that Jim Burke, the only non-diverse defendant in this case, was fraudulently joined, and that the amount in controversy requirement is met,

this court concludes that it has subject matter jurisdiction over this matter.

Therefore, the court will **DISMISS** Defendant Jim Burke.

The court will enter a separate Order consistent with this Memorandum

Opinion, and the case will move forward against the two remaining defendants.

**DONE** this 25th day of June, 2018.


<br>

**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE